IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALIM HAJIANI,
   Plaintiff,
     v.

PERSEUS INVESTMENTS, LLC,
   Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-3504-TWT

ORDER

This is an FLSA action seeking payment of overtime. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 21]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Defendant's motion.

I. Background

In August 2009, the Plaintiff, Salim Hajiani, answered a job advertisement posted by Perseus Investments, LLC ("Perseus"), a company that owns several gas stations in Georgia. At some point, Hajiani met with a manager[1] for Perseus. At this point, the parties' stories conflict. Hajiani claims the manager orally offered him a cashier's job paying $9 an hour. According to Hajiani, he would work primarily at

---

[1] The Plaintiff claims the manager was identified as "Johnny." The Defendant claims that the manager is named Mukhtar Moughal.

a gas station located at 9089 Highway 18, West Pine Mountain, GA (the "Pine Mountain Location"). The manager represented to Hajiani that it was a permanent position. Hajiani claims that he began work in August 2009 and continued to work for the Defendant until he quit on or around October 5, 2009. During this time, the Plaintiff asserts that he worked more than 40 hours each week for a total of over 468.5 hours [see Doc. 27, Exs. 4-8]. Hajiani claims that he quit on October 5, 2009, because the Defendant failed to pay him for the hours he worked.

The Defendant tells a different story. Perseus contends that Hajiani was interested in learning gas station management and operations. The Defendant agreed to allow Hajiani to observe and assist at the Pine Mountain Location. As Hajiani's presence became more regular, the Defendant began paying Hajiani for his work. The Defendant, however, claims that Hajiani had no set schedule or pay rate. Further, the Defendant states that Hajiani did not report to work for two weeks in September 2009. After briefly returning to the Pine Mountain Location, the Defendant claims that Hajiani left permanently. Importantly, the Defendant contends that it paid Hajiani $1816.65 by check for the time he worked at the Pine Mountain Location [see Doc. 24-3].

On August 16, 2011, Hajiani filed this lawsuit against Perseus [see Doc. 1-1]. The Plaintiff alleges violations of the minimum wage and overtime wage requirements

of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. §§ 206, 207. Further, Hajiani alleges violations of the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1, unjust enrichment, and breach of contract. On October 13, 2011, the Defendant removed the Complaint to this Court [Doc. 1]. On April 30, 2012, the Defendant filed a Motion for Summary Judgment [Doc. 21]. Perseus argues that the FLSA does not apply and that there is no issue of material fact as to his state law claims.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

A. FLSA Claims

The Defendant argues that the Plaintiff is not subject to the FLSA. To sustain a claim under the FLSA, the Plaintiff must show that he was an employee in a covered enterprise "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206 & 207. First, the Defendant contends that Hajiani was not an employee. "To determine whether [the Plaintiff] was an employee . . . [courts] must apply the multi-factor economic realities test." Perdomo v. Ask 4 Realty & Mgmt., Inc., 298 Fed. App'x 820, 821 (11th Cir. 2008). The factors relevant to the economic realities test include:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997). Courts also consider:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship;
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

Freund v. Hi-Tech Satellite, Inc., 185 Fed. App'x 782, 783 (2006). "No one factor is determinative, and each factor should be given weight according to how much light it sheds on the nature of the economic dependence of the putative employee on the employer." Perdomo, 298 Fed. App'x at 821. Further, the Plaintiff bears the burden of showing that he was an employee. Martinez-Mendoza v. Champion Intern. Corp., 340 F.3d 1200, 1209 n.28 (11th Cir. 2003).

Here, under the factors set forth in Villarreal, Hajiani was an employee. Perseus had the authority to hire and fire Hajiani. According to the Plaintiff, Perseus hired him at $9 per hour in August 2009. Perseus exercised at least some control over Hajiani's schedule and conditions of employment. Indeed, the Defendant's manager directed Hajiani's tasks and specified where he would work. Both parties agree that the Defendant determined the rate and method of Hajiani's payment, although they disagree on the specific terms. Finally, the Defendant maintained at least some employment records, including at least one of Hajiani's time sheets [see Doc. 24-2].

The Freund factors lead to the same result. First, Hajiani apparently exercised some control over the manner in which he performed his work, although the tasks were determined by the Defendant. The Plaintiff, however, had no significant opportunity for profit or loss depending on his managerial skill. He was paid at a set rate regardless of his performance. Hajiani did not invest in materials or equipment.

Nor did he employ any workers. His responsibilities as a clerk, including checking identification, cleaning the premises, and working the cash register, did not require specialized skills. Although the working relationship was short, Hajiani claims that the Defendant told him the position would be permanent. Finally, the services Hajiani provided–essentially operating the gas station–were essential to the Defendant's business. For these reasons, Hajiani was an employee for purposes of the FLSA.

Next, the Defendant contends that it did not operate an "enterprise" within the meaning of the FLSA. Under the FLSA, an enterprise must have annual gross sales "not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii). Further, the Plaintiff must establish that Perseus meets the enterprise requirement of the FLSA. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1317 (11th Cir. 2011). In Josendis, the plaintiff sued his former employer to recover unpaid overtime wages under the FLSA. The defendant moved for summary judgment, arguing its annual gross sales did not exceed $500,000. In response, the plaintiff presented testimony alleging that in 2007, the defendant had received $56,000 for one project and $8,000 for each of fifteen other projects. Also, the plaintiff offered testimony that the defendant received a total of $434,000 for work spanning 2007 and 2008. The Eleventh Circuit held that the plaintiff's evidence did not establish an enterprise under the FLSA. The court reasoned that "[e]ven accepting that the evidence establishes that [the defendant]

earned the amounts identified above, [the plaintiff] still fails to show that in any one year [the defendant] met the $500,000 threshold; pointing to estimated income obtained at some unknown point over a two-year period was simply not sufficient." Id. at 1318. Further, the court noted that the plaintiff "might have obtained a corporate ledger indicating that [the defendant] made at least $500,000 in 2006, 2007, or 2008." Id. at 1318 n.40. "Alternatively, [the affiants] might have stated that they directly witnessed transactions in which [the defendant] was paid certain, specific sums and then added those sums together to reach the $500,000 statutory threshold." Id.

Here, as in Josendis, the Plaintiff has produced sporadic estimates of the Defendant's gross sales. Without citing any specific amounts, Hajiani alleges that the Pine Mountain Location received approximately $1,500 per day. (Hajiani Aff. ¶ 35.) As in Josendis, Hajiani then extrapolates that estimate to support his contention that the Defendant earned more than $500,000 in gross revenue per year. As in Josendis, however, Hajiani's testimony is merely a snapshot of the Defendant's yearly revenue. At best, the Plaintiff can only testify as to the Defendant's revenue on the days he worked from August to early October. See Josendis, 662 F.3d at 1318 (plaintiff could not show enterprise with evidence of revenue not adding up to $500,000). "Alternatively, [Hajiani] might have stated that they directly witnessed transactions

in which [the Defendant] was paid certain, specific sums and then added those sums together to reach the $500,000 statutory threshold." Id. Hajiani, however, has not done so here. Thus, the Court cannot conclude that Perseus was an enterprise under the FLSA. For this reason, the Defendant is not subject to the FLSA.

B.  Georgia Minimum Wage Law

The Defendant contends that there is no issue of material fact as to the Plaintiff's Georgia Minimum Wage Law claim. See O.C.G.A. § 34-4-1 *et seq.* Specifically, the Defendant argues that the FLSA preempts this state law claim. Further, the Defendant argues that O.C.G.A. § 34-4-1 specifically excludes employers subject to the FLSA. See O.C.G.A. § 34-4-3(c). As discussed above, however, Perseus is not an enterprise within the meaning of the FLSA.

Here, Hajiani asserts that he was paid less than $5.15 per hour for the hours he worked. See O.C.G.A. § 34-4-3(a). Indeed, Hajiani claims that he was paid only small cash sums and never received the checks produced by the Defendant. (Hajiani Aff. ¶ 37.) For these reasons, there is an issue of material fact as to the Plaintiff's Georgia Minimum Wage Law claim.

C.  Breach of Contract

The Defendant contends that there is no issue of material fact as to the Plaintiff's breach of contract claim. Hajiani testified that the Defendant orally agreed

to pay him $9 per hour. (Hajiani Aff. ¶ 9.) The Plaintiff contends that he worked more than 468.5[2] hours and was paid less than $9 per hour [see Doc. 27, Exs. 4-8]. Specifically, the Defendant alleges that he never received the checks produced by the Defendant. Indeed, Hajiani contends that his signature on those checks is forged. (Hajiani Aff. ¶ 37.) This testimony creates an issue of material fact as to the Plaintiff's breach of contract claim.

D. Unjust Enrichment

The Defendant argues that there is no issue of material fact as to the Plaintiff's unjust enrichment claim. "The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Cochran v. Ogletree, 244 Ga. App. 537, 538 (2000). To recover under a theory of unjust enrichment, the Plaintiff must show "(1) his performance as agent of services valuable to the [D]efendant[]; (2) either at the request of the [D]efendant[] or knowingly accepted by the [D]efendant[]; (3) the defendants' receipt of which without compensating [Plaintiff] would be unjust; (4) [and the Plaintiff's] expectation of compensation at the time of the rendition of the

---

[2] The Plaintiff introduced time sheets allegedly recording the hours he worked [see Doc. 27, Exs. 4-8]. Several of these time sheets do not include dates. It is therefore unclear how the hours reflected in the Plaintiff's exhibits correspond to the time sheets produced by the Defendant [see Doc. 24-2].

services." Artrac Corp. v. Austin Kelley Advertising, Inc., 197 Ga. App. 772, 776 (1990). Here, as discussed above, Hajiani alleges that he worked more than 468.5 hours at the Defendant's business. He claims that the Defendant promised to pay him $9 per hour for his services but failed to do so. Thus, taking the facts in the light most favorable to the Plaintiff, Hajiani had a reasonable expectation that he would be compensated for the services he provided to the Defendant. For this reason, there is an issue of material fact as to Hajiani's unjust enrichment claim.

      E.     Bad Faith

The Defendant argues that there is no issue of material fact that Perseus's conduct was not willful or in bad faith under the FLSA. (See Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 18-20.) As discussed above, however, Hajiani has not shown that the Defendant is an enterprise under the FLSA. For this reason, the Defendant's allegations with respect to the FLSA are dismissed.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion for Summary Judgment [Doc. 21]. The Court declines to exercise supplemental jurisdiction under 28 U. S. C. § 1367 of the remaining state law claims. This action is dismissed without prejudice.

SO ORDERED, this 6 day of August, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge